DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1 } Appellant, Marcelle Johnson ("Johnson"), appeals from the judgment of the Summit County Court of Common Pleas that granted judgment on the pleadings in favor of appellees, Cuyahoga County Department of Children and Family Services ("DCFS") and Summit County Children Services Board ("CSB").
This Court affirms.
 I. {¶ 2} On August 6, 2002, Wanda Calhoun agreed to baby-sit four-year old Tiffanie Johnson. At that time, Calhoun ran a therapeutic foster home and *Page 2 
supervised two children, J.C. and D.F. On August 8, 2002, J.C. and D.F. assaulted Tiffanie and tragically she died later that day from her injuries.
 {¶ 3} On February 17, 2004, Johnson filed suit on behalf of Tiffanie's estate as its administratrix. In the suit, Johnson named Calhoun, DCFS, and CSB as defendants. In December 2006, CSB and DCFS independently moved for judgment on the pleadings, alleging that each entity had immunity from the suit. On March 14, 2007, the trial court granted both motions for judgment on the pleadings. On April 17, 2007, Johnson voluntarily dismissed her remaining claims. Thereafter, Johnson timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR " THE TRIAL COURT ERRED IN GRANTING * * * [CSB'S] AND [DCFS'] MOTION[S] FOR JUDGMENT ON THE PLEADINGS." {¶ 4} In her sole assignment of error, Johnson asserts that the trial court erred in granting judgment on the pleadings in favor of DCFS and CSB. This Court disagrees.
 {¶ 5} A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163. The trial court's inquiry is restricted to the material allegations in the pleadings. Id. *Page 3 
Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. Id. This Court reviews such motions under the de novo standard of review. Hunt v. MarksmanProds. (1995), 101 Ohio App.3d 760, 762. We will not reverse a trial court's denial of a Civ.R. 12(C) motion unless, when all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief. State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs. (1992), 65 Ohio St.3d 545, 548.
 {¶ 6} In determining whether a political subdivision is immune from liability, this Court must engage in a three-tier analysis. Cater v.Cleveland (1998), 83 Ohio St.3d 24, 28. The first tier is the premise under R.C. 2744.02(A)(1) that:
 "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
The second tier involves the five exceptions set forth in R.C.2744.02(B), any of which may abrogate the general immunity delineated in R.C. 2744.02(A)(1). Cater, 83 Ohio St.3d at 28. Lastly, under the third tier, "immunity can be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03
applies." Id. *Page 4 
First Tier {¶ 7} This Court has previously held that "CSB is clearly a political subdivision entitled to immunity under R.C. 2744.02(A)(1)[.]" Grimm v.Summit Cty. Children Servs. Bd, 9th Dist. No. 22702, 2006-Ohio-2411, at ¶ 62. The same is true of DCFS. See, generally, Rankin v. Cuyahoga Cty.Dept. of Children Family Servs., 8th Dist. No. 86620, 2006-Ohio-6759. Consequently, both entities are provided the immunity contained in R.C.2744.02. This Court, therefore, now moves to the second tier of its analysis.
Second Tier {¶ 8} On appeal, Johnson has urged that the operation of a therapeutic foster home, such as that run by Calhoun, is a proprietary function. Johnson concludes, therefore, that R.C. 2744.02(B)(2) acts as an exception to any claimed immunity. In that respect, R.C. 2744.02(B)(2) provides that:
 "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."
This Court, however, cannot agree with Johnson's argument.
 {¶ 9} R.C. 2744.01(C)(2)(o) provides as follows:
A `governmental function' includes, but is not limited to * * * [t]he operation of mental health facilities, mental retardation or developmental disabilities facilities, alcohol treatment and control centers, and children's homes or agencies[.]" (Emphasis added.) *Page 5 
On appeal, Johnson appears to assert that a "therapeutic foster home" does not qualify as a children's home and therefore R.C.2744.01(C)(2)(o) is inapplicable. The plain language of R.C.2744.01(C)(2)(o) contains no limiting language. Moreover, R.C.5103.02(D) defines "foster home" as follows:
 "`Foster home' means a private residence in which children are received apart from their parents, guardian, or legal custodian, by an individual reimbursed for providing the children nonsecure care, supervision, or training twenty-four hours a day. * * * Family foster homes and specialized foster homes are types of foster homes." (Emphasis added.)
Based upon this legislative definition, we find that the "children's homes" referenced in R.C. 2744.01 included specialized foster homes such as the therapeutic home run by Calhoun.
 {¶ 10} Furthermore, even if this Court were to conclude that R.C.2744.01(C)(2)(o) is inapplicable, we would still find the actions herein to be governmental functions. R.C. 2744.01(C)(1)(a) provides in pertinent part as follows:
 "`Governmental function' means * * * [a] function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement[.]"
First, we find that the care of neglected or abused children is an obligation imposed on the state due to its sovereignty.
 "[T]he provision of medication to sick children within its custody certainly falls within the required duties of the state when exercising its parens patriae role as caretaker of neglected children." *Page 6 
(Emphasis sic.) Waiters v. Ross Cty. Children's Servs. (Feb. 18, 2000), 4th Dist. Nos. 99CA9 99CA12.
Moreover, "[t]he purpose of [a children services agency] is to provide for the safety and care of abused and neglected children; providing medication to children within its care falls within the realm of protection that [the agency] provides." Id.
 {¶ 11} Finally, there is no question that this caretaker role is performed by CSB and DCFS voluntarily as permitted by legislation. R.C.5153.16(C)(1) provides as follows:
 "[I]n accordance with rules of the director of job and family services, and on behalf of children in the county whom the public children services agency considers to be in need of public care or protective services, the public children services agency may * * * [p]rovide or find, with other child serving systems, specialized foster care for the care of children in a specialized foster home[.]"
While R.C. 5153.16 does not require the agency to provide specialty care by virtue of its use of the permissive term "may," there is no dispute that both agencies herein have voluntarily chosen to do so. As this voluntary choice carries out an obligation of the state based on its sovereignty, R.C. 2744.01(C)(1)(a) has been fulfilled.
 {¶ 12} This Court concludes that the actions taken by CSB and DCFS were governmental functions as defined in R.C. 2744.01(C). Consequently, the exception to immunity contained in R.C. 2744.02(B)(2) is inapplicable. Johnson has not alleged that any other exception in R.C.2744.02(B) is applicable. As a result, Johnson failed to demonstrate an exception to the immunity held by CSB *Page 7 
and DCFS. The trial court, therefore, did not err in granting the agencies' motions for judgment on the pleadings. Johnson's sole assignment of error lacks merit.
 III. {¶ 13} Johnson's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 8 
Costs taxed to appellant.
MOORE, J, BAIRD, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1