RANKIN ET AL., APPELLEES, *v.* CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES ET AL., APPELLANTS.

[Cite as *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.,* 118 Ohio St.3d 392, 2008-Ohio-2567.]

(No. 2007–0306—Submitted February 5, 2008—Decided June 4, 2008.)

**MOYER, C.J.**

{¶ 1} Appellants, Cuyahoga County Department of Children and Family Services, its director, James McCafferty, and its employee, Gina Zazzara, appeal from a judgment of the Court of Appeals for Cuyahoga County, that reversed the trial court's grant of summary judgment in their favor. For the following reasons, we reverse in part and affirm in part the judgment of the court of appeals.

{¶ 2} The facts of this case are troubling. D.M., a minor child, was committed to the temporary custody of the Cuyahoga Department of Children and Family Services pursuant to an order of the Cuyahoga County Court of Common Pleas. *In re D.M.* (Apr. 23, 2003), Cuyahoga C.P. No. 03900057. While D.M. was in the department's custody, D.M.'s father, Andre Martin, was permitted to have limited, supervised visits with D.M. at the Jane Edna Hunter Social Service Center. During one of Martin's supervised visitation sessions, Martin allegedly sexually assaulted D.M. Martin was indicted in connection with this alleged assault and pleaded guilty to a charge of gross sexual imposition and stipulated that he is a sexually oriented offender. *State v. Martin* (Oct. 21, 2003), Cuyahoga C.P. No. CR441511.

{¶ 3} Appellees, D.M.'s mother, as mother and next friend of D.M., and D.M.'s maternal grandmother, as guardian, filed a civil complaint against the appellants, alleging that appellants had breached the duty they owed to D.M. by failing to protect her from Martin's sexual abuse during the supervised visit at the center. The trial court granted appellants' motion for summary judgment, which had argued that pursuant to R.C. Chapter 2744, they were immune from liability.

{¶ 4} The court of appeals reversed the trial court judgment, holding that there were genuine issues of material fact pertaining to the liability of all appellants.

{¶ 5} The court of appeals determined that the "special relationship" exception discussed in *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, creates an issue of fact regarding the immunity of a political subdivision from civil liability. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, Cuyahoga App. No. 86620, 2006-Ohio-6759, 2006 WL 3743728, ¶ 22.

{¶ 6} With respect to appellants McCafferty and Zazzara, the court of appeals held that reasonable minds could conclude that McCafferty and Zazzara had acted recklessly when they permitted the supervised visit between D.M. and her father to be conducted in such a manner that Martin was able to sexually assault his daughter during the visit. Id. at ¶ 28. The court determined that under R.C. 2744.03(A)(6)(b), if an individual's actions are proven to be conducted in a reckless manner, then individual immunity no longer applies. *Rankin* at ¶ 27. The cause is before us upon our acceptance of a discretionary appeal.

{¶ 7} The first question presented by appellants concerns the liability of the Cuyahoga County Department of Children and Family Services. The court of appeals concluded that the common-law special-relationship exception to a political subdivision's immunity granted pursuant to R.C. 2744.02(A)(1) may authorize a lawsuit to proceed. We hold that the exception does not apply.

{¶ 8} R.C. Chapter 2744 directs our analysis. "In *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610, this court noted that the Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability for injury or loss to property." *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 9. Before determining whether a political subdivision is entitled to immunity from a civil action, a court must determine whether the political subdivision was engaged in a governmental or proprietary function when the alleged tort occurred. See R.C. 2744.02(A)(1). R.C. 2744.01 defines "governmental function":

{¶ 9} "(C)(1) 'Governmental function' means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:

{¶ 10} " * * *

{¶ 11} "(2) A 'governmental function' includes, but is not limited to, the following:

{¶ 12} " * * *

{¶ 13} "(m) The operation of a job and family services department or agency, including, but not limited to, the provision of assistance to aged and infirm persons and to persons who are indigent.

{¶ 14} " * * *

{¶ 15} "(o) The operation of mental health facilities, mental retardation or developmental disabilities facilities, alcohol treatment and control centers, and children's homes or agencies."

{¶ 16} Under either R.C. 2744.01(C)(2)(m) or (o), Cuyahoga County Department of Children and Family Services is a political subdivision performing a governmental function. We next apply the three-tiered analysis provided in R.C. Chapter 2744 to determine whether the department may be held liable in a civil action for injury.

{¶ 17} The first tier of the analysis provides that political subdivisions are generally not liable in damages for causing the personal injuries or death of a person. R.C. 2744.02(A)(1) states: "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." [1]

{¶ 18} " 'The immunity afforded a political subdivision in R.C. 2744.02(A)(1) is not absolute, but is, by its express terms, subject to the five exceptions to immunity listed in * * * R.C. 2744.02(B). * * * Thus, once immunity is established under R.C. 2744.02(A)(1), the second tier of analysis is whether any of the five exceptions to immunity in subsection (B) apply.' " *Hortman*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 12, quoting *Cater*, 83 Ohio St.3d at 28, 697 N.E.2d 610.

{¶ 19} R.C. 2744.02 provides:

{¶ 20} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

{¶ 21} "(1) Except as otherwise provided * * *, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:

{¶ 22} " * * *

---

1. We note that while R.C. 2744.02(A)(1) is regularly understood to grant immunity to political subdivisions, the statute does not expressly confer immunity that excuses tort liability but, rather, denies liability generally.

{¶ 23} "(2) Except as otherwise provided * * *, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

{¶ 24} "(3) Except as otherwise provided * * *, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *.

{¶ 25} "(4) Except as otherwise provided * * *, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function * * *.

{¶ 26} "(5) * * * [A] political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision."

{¶ 27} " 'Finally, under the third tier of analysis, immunity can be reinstated if the political subdivision can successfully argue that any of the defenses contained in R.C. 2744.03 applies.' " *Hortman*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 12, quoting *Cater*, 83 Ohio St.3d at 28, 697 N.E.2d 610.

{¶ 28} Applying the three-tiered analysis, we conclude that the department cannot be held liable for appellees' injuries. Pursuant to R.C. 2744.02(A)(1), the department cannot be subjected to liability for D.M.'s injuries unless one of the exceptions provided in R.C. 2744.02(B) applies to the case.

{¶ 29} R.C. 2744.02(B) lists five exceptions to the general denial of liability; however, none of the exceptions applies to these facts. The injuries in this case did not involve the operation of a motor vehicle (R.C. 2744.02(B)(1)), a proprietary function (R.C. 2744.02(B)(2)), public roads (R.C. 2744.02(B)(3)), physical defects of a building (R.C. 2744.02(B)(4)), or a duty expressly imposed on appellants by statute (R.C. 2744.02(B)(5)). As a result, the general denial of liability granted in R.C. 2744.02(A) applies to the department, and the court of appeals erred when it reversed the summary judgment for the appellant department.

{¶ 30} The court of appeals specifically erred in considering an exception to immunity not provided in R.C. 2744.02(B). "[A]n unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language." *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11, citing *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519. Here, R.C. 2744.02 begins with an express general denial of liability, limited only by the exceptions provided in division (B) of the statute: *"Except as provided in division (B) of this section,* a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property * * *." (Emphasis added.)

{¶ 31} The court of appeals began its analysis with R.C. 2744.02(A)(1) and noted that the statute "confers on all political subdivisions a blanket immunity." *Rankin,* 2006-Ohio-6759, 2006 WL 3743728, ¶ 21. Next, however, the court evoked the special-relationship exception to the public-duty rule. The court stated: "Under the special relationship exception, 'a political subdivision may be liable for damages if it can be shown that a "special relationship" existed between the political subdivision and the injured party thereby imposing a "special duty" under the law.' " Id. at ¶ 22, quoting *State Auto Mut. Ins. Co. v. Titanium Metals Corp.*, 159 Ohio App.3d 338, 2004-Ohio-6618, 823 N.E.2d 934, ¶ 14 (reversed on other grounds, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199). This statement was in error, as the special-relationship exception is not codified in R.C. 2744.02(B), and it is therefore not an independent exception to a political subdivision's general immunity from liability.

{¶ 32} We need not go further in our immunity analysis, as R.C. 2744.02(A) prohibits the appellees' claim against the department, and there is no exception in R.C. 2744.02(B) that permits the claim to be resurrected. The special-relationship exception is an exception to the public-duty rule. The public-duty rule is relevant in the determination of whether a defendant owes a legal duty to a plaintiff, but duty is only one element in a claim for negligence. While the public-duty rule and special-relationship exception might be relevant in establishing a claim, these common-law doctrines are irrelevant to a claim against a political subdivision unless the claim is permitted under R.C. 2744.02.

{¶ 33} While the facts here are troubling, the law is clear that R.C. Chapter 2744 does not permit such a claim to be brought against the county. Therefore, we are bound to apply the statute as it is written.

{¶ 34} As we stated recently, " 'Judicial policy preferences may not be used to override valid legislative enactments, for the General Assembly should be the final arbiter of public policy.' " *Hubbell,* 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 22, quoting *State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672. "In *Wilson v. Stark Cty. Dept. of Human Servs.* (1994), 70 Ohio

St.3d 450, 639 N.E.2d 105, this court noted that R.C. Chapter 2744 was the General Assembly's response to the judicial abrogation of common-law sovereign immunity and that '[t]he manifest statutory purpose of R.C. Chapter 2744 is the preservation of the fiscal integrity of political subdivisions.' Id. at 453, 639 N.E.2d 105." *Hubbell* at ¶ 23.

{¶ 35} The second question that appellants present is whether the court of appeals erred in reversing the trial court's grant of summary judgment to appellants McCafferty and Zazzara. The court of appeals held that issues of fact existed as to whether McCafferty and Zazzara acted "in a * * * reckless manner" on the day D.M. was sexually abused by her father during their supervised visit at the center. R.C. 2744.03(A)(6)(b). The court of appeals reversed the trial court and remanded the issue for further consideration.

{¶ 36} "For the individual employees of political subdivisions, the analysis of immunity differs. Instead of the three-tiered analysis * * *, R.C. 2744.03(A)(6) states that an employee is immune from liability unless the employee's actions or omissions are manifestly outside the scope of employment or the employee's official responsibilities, the employee's acts or omissions were malicious, in bad faith, or wanton or reckless, or liability is expressly imposed upon the employee by a section of the Revised Code." *Cramer v. Auglaize Acres,* 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 17. At issue here is whether McCafferty's and Zazzara's general immunity from liability for injury established in R.C. 2744.03(A)(6) is abolished pursuant to the following exception to employee immunity from liability: "The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).

{¶ 37} We note that showing recklessness is subject to a high standard. "This court has defined the term 'reckless' to mean that the conduct was committed ' "knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." ' " *Cater,* 83 Ohio St.3d at 33, 697 N.E.2d 610, quoting *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 96, 559 N.E.2d 699, fn. 2, quoting 2 Restatement of the Law 2d, Torts (1965) 587, Section 500. " '[M]ere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor.' Such perversity must be under such conditions that the actor must be conscious that his conduct will in all probability result in injury." *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31, quoting *Roszman v. Sammett* (1971), 26 Ohio St.2d 94, 96–97, 55 O.O.2d 165, 269 N.E.2d 420.

{¶ 38} Although the court of appeals recited a standard of recklessness that is consistent with our decisions, we are not convinced that the record supports the

court's conclusion that "reasonable minds could conclude that these two individuals acted in a reckless manner in allowing these 'supervised' visits between Martin and D.M. to be conducted as they were." *Rankin*, 2006-Ohio-6759, 2006 WL 3743728, ¶ 28. The record before us is incomplete as to whether genuine issues of material fact exist regarding McCafferty's and Zazzara's alleged reckless conduct. Thus, we affirm the decision of the court of appeals to remand this cause to the trial court for further proceedings regarding what involvement, if any, McCafferty and Zazzara had in the supervised visit that occurred between D.M. and Martin.

{¶ 39} In conclusion, in response to appellants' first question, we hold that a political subdivision is not liable for damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission in connection with its operation of a public children services agency except as provided in R.C. 2744.02(B). We therefore affirm in part and reverse in part the judgment of the court of appeals.

> Judgment affirmed in part
> and reversed in part.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 40} Again we are presented with an opportunity to send the archaic notion of sovereign immunity to a belated but well-deserved death. See *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 144, 624 N.E.2d 704 (Pfeifer, J., concurring). Again this court holds, contrary to the state Constitution, that the state cannot be sued unless a statutorily created exception applies. Section 16, Article I of the Ohio Constitution ("every person, for an injury done him * * *, shall have remedy by due course of law"). No matter how many times this court explains why the state should be treated differently from other defendants, it doesn't make sense. See *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 35 (Pfeifer, J., dissenting). I dissent.