KINSTLE, Appellant,

v.

JENNISON et al., Appellees.

Kinstle et al., Appellants,

v.

Staley–Burley et al., Appellees.

[Cite as *Kinstle v. Jennison,* 179 Ohio App.3d 291, 2008-Ohio-5832.]

Court of Appeals of Ohio,
Third District, Allen County.

Nos. 1–08–32 and 1–08–34.

Decided Nov. 10, 2008.

Nicholas J. Kinstle, pro se.

Donald E. Theis and Gregory M. Antalis, for appellee Gina Staley–Burley.

---

SHAW, Presiding Judge.

{¶ 1} Plaintiff-appellant Nicholas J. Kinstle appeals from the May 9, 2008 decision of the Court of Common Pleas, Allen County, granting summary judgment in favor of appellee Allen County Clerk of Courts Gina Staley–Burley. As there were additional defendants in the matter, on May 16, 2008, the trial court, citing Civ.R. 54(B), declared its summary-judgment ruling to be a final, appealable order.

{¶ 2} This case involves the progression of multiple cases filed in the trial court, which were subsequently consolidated. Trial court case No. CV 2005–0543 began with a complaint filed by Kinstle on June 8, 2005. In the complaint, Kinstle alleged that David Jennison, apparently a former business associate, inappropriately sold a cargo trailer and dozer to Joseph Seeling. According to the complaint, the cargo trailer and dozer were the property of Kinstle. Numerous defendants were named in CV 2005–0543. However, the clerk of courts was not named as a party.

{¶ 3} Trial court case No. CV 2005–0978 originated with a complaint filed by Kinstle in October 2005 against Joseph Seeling, who was employed by Northwest Ohio Towing & Recovery. The original complaint concerned various items of personal property and multiple claims, including theft, conversion, and fraud and included a request seeking replevin of some of these items. On December 20, 2005, the trial court ordered case numbers CV 2005–0978 and CV 2005–0543 consolidated. In October 2006, the trial court granted summary judgment in favor of all defendants except Jennison.

{¶ 4} Trial court case No. CV 2006–0938, filed on September 21, 2006, involved a complaint similar to that filed in CV 2005–978, but included the Allen County clerk of courts as a defendant. On October 20, 2006, CV 2006–0938 was consolidated with CV 2005–978 and CV 2005–0543.

{¶ 5} In his complaint against the Allen County clerk of courts,[1] Kinstle alleged that the clerk of courts improperly processed a title transfer for the cargo trailer at issue and therefore committed "title fraud/theft and conversion." Current Allen County clerk of courts Staley–Burley filed her answer on November 28, 2006.[2] On November 28, 2006 Staley–Burley filed a motion for summary judgment, arguing that Kinstle's claims against her were barred by res judicata as the trial court had already granted summary judgment as to all defendants in this matter except Jennison.[3] The trial court granted Staley–Burley's motion for summary judgment on December 18, 2006.

{¶ 6} Kinstle subsequently appealed to this court. On December 10, 2007, we held that res judicata did not serve as a bar to Kinstle's claim against Staley–Burley and reversed and remanded the case.

{¶ 7} Staley–Burley again filed for summary judgment on January 11, 2008. In her motion, she argued that she had immunity for tasks she performed as part of her governmental function as clerk of courts. Specifically, she argued that processing the title transfer at issue was a protected governmental function. On May 9, 2008, the trial court granted summary judgment in favor of Staley–Burley.

{¶ 8} Kinstle now appeals, asserting one assignment of error.

## ASSIGNMENT OF ERROR

A Clerk of Courts office does not use reasonable diligence within the meaning of ORC Sect. 4505.06 when it processes transfers of title for which seriously incomplete or misleading information has been provided.

{¶ 9} In his sole assignment of error, Kinstle appears to argue that the trial court erred in granting summary judgment in favor of Staley–Burley based on her immunity as a clerk of courts performing governmental functions. Specifically, Kinstle argues not that summary judgment was inappropriate, but that Staley–Burley did not use reasonable diligence in processing the title transfer in question.

{¶ 10} An appellate court reviews a grant of summary judgment independently and without any deference to the trial court. *Conley–Slowinski v. Superior*

---

1. We note that this action was originally filed against the previous Allen County clerk of courts.

2. Staley–Burley claimed governmental immunity as her sixth defense in her original answer.

3. When the trial court granted summary judgment as to all other defendants, it acknowledged that the only issue of material fact was the relationship between Kinstle and Jennison and what authority Jennison had to control Kinstle's property.

*Spinning & Stamping Co.* (1998), 128 Ohio App.3d 360, 363, 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. *Hasenfratz v. Warnement,* 3rd Dist. No. 1–06–03, 2006-Ohio-2797, 2006 WL 1519921 citing *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 572 N.E.2d 198.

{¶ 11} A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. The moving party must establish (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); see *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. Additionally, Civ.R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 12} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue on which that party bears the burden of production at trial. See Civ.R. 56(E).

{¶ 13} In ruling on a summary judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmoving party. *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653.

{¶ 14} At issue in the present case is whether Staley–Burley is immune from civil liability. Immunity of political subdivisions when performing governmental functions is defined in R.C. 2744.01 et seq. In *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610, the Ohio Supreme Court noted that the Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.,* 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521,

¶ 8, quoting *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, at ¶ 9.

{¶ 15} First, a reviewing court must determine whether the entity seeking immunity is a political subdivision engaged in a governmental or proprietary function, because a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. R.C. 2744.02(A); see also *Rasmussen v. Hancock Cty. Commrs.*, 3d Dist. No. 5–06–54, 2008-Ohio-2498, 2008 WL 2168874.

{¶ 16} If it is found that the entity is entitled to immunity, the court must proceed to the second tier of the analysis. The second part of the analysis articulated in *Cater* requires a determination of whether any of the five exceptions to immunity, enumerated in R.C. 2744.02(B) are applicable to abrogate immunity. *Rankin*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 18; *Cater*, 83 Ohio St.3d at 28, 697 N.E.2d 610. R.C. 2744.02(B) provides the following exceptions to the immunity conferred in R.C. 2744.02(A):

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

\* \* \*

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not

including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term shall in a provision pertaining to a political subdivision.

{¶ 17} Finally, the third tier of the analysis is invoked only should one of these exceptions to immunity apply. If an exception is applicable, the court would look to whether any statutory defenses to liability are applicable. R.C. 2744.03; *Rankin*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 27; *Cater*, 83 Ohio St.3d at 28, 697 N.E.2d 610.

{¶ 18} In considering Staley–Burley's motion for summary judgment, the trial court considered her claim of immunity under R.C. 2744.01 et seq. The trial court found:

Pursuant to R.C. 2744.01 et seq., a Clerk of Court therefore has immunity from liability when performing that governmental function unless one of the five enumerated exceptions to the statutory grant of immunity contained in R.C. Section 2744.02(B) apply. In this case, none of the said enumerated possible exceptions are applicable. Plaintiff's complaint is not based upon an allegation, nor is there an evidence that defendant Staley–Burley was a member of an emergency medical service and operating a motor vehicle; was negligent in performing a proprietary function; was negligent by failing to keep public roads in repair or in failing to remove obstructions therefrom; was negligent within or on the grounds of and due to physical defects within or on the grounds of buildings used in the performance of a governmental function; or was acting in such a manner that civil liability is expressly imposed by another statute.

In addition, R.C. 4505.06 which sets forth the statutory governmental responsibilities of the Clerk of Court for transferring certificates of title, specifically excludes the elected official from liability for any errors or omissions in the performance of those duties.

\* \* \*

Since defendant Staley–Burley was undertaking a governmental function and is otherwise immune from tort liability under R.C. 2744.02, and there exists no

exception to said immunity under R.C. 2744.02(B), the court need proceed no further to conclude that there exists no genuine issue of material fact to be litigated and that reasonable minds can come to but one conclusion when viewing facts in a light most favorable to plaintiff Kinstle, and that conclusion is that defendant Staley–Burley is entitled to judgment as a matter of law.

{¶ 19} There is no question that Allen County qualifies as a political subdivision under R.C. 2744.01(F) or that Staley–Burley is an employee of Allen County. Moreover, the work of the clerk of courts qualifies as a governmental function under R.C. 2744.02(C)(2). Therefore, under the first tier of the *Cater* analysis, Staley–Burley would be entitled to immunity for her actions in her capacity as clerk of courts.

{¶ 20} Under the second tier of the *Cater* analysis, it is clear that none of the exceptions to immunity in R.C. 2744.02(B) apply to the current situation. Therefore, in the present case, we need not reach the third tier of the analysis to determine that Staley–Burley has immunity when serving in her capacity as clerk of courts. Therefore, we agree with the trial court that Staley–Burley would have immunity in processing the title transfer under *Cater*.

{¶ 21} Kinstle still argues that Staley–Burley violated R.C. 4505.06 by not exercising reasonable diligence when the title transfer was processed. Revised Code 4505.06 provides:

> The clerk shall use reasonable diligence in ascertaining whether or not the facts in the application for a certificate of title are true by checking the application and documents accompanying it or the electronic record to which a dealer converted the application and accompanying documents with the records of motor vehicles in the clerk's office.
>
> * * *
>
> The clerk shall use reasonable care in transferring the information supplied by the transferor, *but is not liable for any errors or omissions of the clerk or those of the clerk's deputies in the performance of the clerk's duties created by this chapter.*

(Emphasis added.)

{¶ 22} As the trial court noted, R.C. 4505.06 provides nothing but additional support for Staley–Burley's immunity. Moreover, R.C. 4505.06 provides a direct contradiction to Kinstle's argument that somehow R.C. 4505.06 expressly imposes civil liability such that R.C. 2744.02(B)(5) would allow an exception to immunity. That is simply not the case here.

{¶ 23} Because we conclude that Staley–Burley has immunity from civil liability when processing title transfers, we hold that there are no issues of

genuine material fact to be litigated with respect to Kinstle's complaint. Accordingly, Kinstle's assignment of error is overruled.

{¶ 24} Based on the foregoing, the judgment of the Court of Common Pleas, Allen County, is affirmed.

Judgment affirmed.

PRESTON and ROGERS, JJ., concur.