O’Donnell, J.,
dissenting.
{¶ 2} This case presents a question of great significance that affects political subdivisions and their residents across this state: whether a political subdivision may be deprived of its sovereign immunity and forced to defend against an allegation that a roadway it maintains contributed to an accident based only on the opinion of an expert that the roadway lacked adequate skid resistance.
{¶ 3} The decision of the court of appeals in this case subjects political subdivisions to potential liability for automobile accidents that occur within their territorial limits, based on nothing more than an expert’s claim that the road is *176 out of repair because its coefficient of friction falls below an abstract threshold. Because that decision expands the exception to political-subdivision immunity for the negligent failure to maintain a roadway beyond that intended by the General Assembly and potentially imposes on political subdivisions a duty to defend in cases arising out of accidents where skid resistance becomes an issue, and because an issue of this importance deserves a decision on the merits to clarify the law for Ohio appellate courts, I respectfully dissent from the majority’s decision to dismiss this appeal as having been improvidently accepted.
{¶ 4} On March 4, 2006, Michelle Sanderbeck rode in the back seat of a vehicle driven at a high rate of speed by 16-year-old Steven W., as it approached an S curve on East Smith Road in Medina County. The driver lost control of the vehicle, crossed the eastbound lane of traffic, left the road, and drove into a drainage ditch, flipping the vehicle onto its top and coming to rest on a stone retaining wall. Michelle died in that crash.
{¶ 5} Raymond Sanderbeck (individually and as administrator of Michelle’s estate) filed a wrongful-death action against Medina County, asserting that it had negligently, recklessly, and willfully and wantonly failed to keep East Smith Road in repair, proximately causing his daughter’s death.
{¶ 6} The county asserted its political-subdivision immunity, but Sanderbeck contended that an exception to the county’s immunity applied pursuant to R.C. 2744.02(B)(3), which provides that “political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair.” In support of his position, Sanderbeck relied on the expert opinion of Richard L. Stanford II, who opined that at the time of the crash, “East Smith Road was in disrepair and a contributing factor in the accident that claimed Michelle Sanderbeck’s life.”
{¶ 7} Stanford explained that roadway curves have a characteristic known as “critical speed,” which is “the speed at which the tires of a turning vehicle attempting to negotiate the curve will begin to sideslip, often resulting in a loss of control of the vehicle.” Stanford further testified that roads also have a “skid number” based on their coefficient of friction that relates to their skid resistance, and he asserted that a high-volume roadway like East Smith Road is considered out of repair if it has a skid number of 38 or less. He therefore believed that the “worn out” condition of East Smith Road contributed to the accident because, at the time of the crash, the critical speed of the curve was 45 m.p.h. or less and the road had a skid number of only 25.
{¶ 8} The trial court denied the county’s motion for summary judgment, and the Ninth District upheld that decision, holding that the testimony of Sander-beck’s expert established a genuine issue of material fact regarding the claim that the county had failed to keep the road in repair.
*177 {¶ 9} On appeal, the county maintains that Sanderbeck presented no evidence that it had failed to keep the road in repair, because his expert had no knowledge of the skid resistance of the road at the time of its design or construction. Sanderbeck responds that Stanford’s testimony regarding the insufficient skid resistance of the road at the time of the accident demonstrates that the county failed to maintain it in a safe condition.
{¶ 10} This case concerns an issue of public and great general interest: whether a political subdivision may be deprived of a benefit of its sovereign immunity based only on the opinion of an expert that the skid resistance of the road fell below a certain theoretical threshold level at the time of an accident, without knowing the skid resistance of the road at the time of its construction.
{¶ 11} R.C. 2744.02(A)(1) generally affords political subdivisions immunity from tort actions, providing that “a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.” R.C. 2744.01(C)(2)(e) specifically defines the maintenance and repair of roads to be a governmental function.
{¶ 12} Nonetheless, R.C. 2744.02(B)(3) establishes an exception to this immunity: “[PJolitical subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *.” (Emphasis added.)
{¶ 13} In my view, the testimony of an expert regarding the adequacy of a roadway’s skid resistance at the time of an accident does not without more establish that the road is out of repair for purposes of R.C. 2744.02(B)(3). Our duty in construing statutes is to determine and give effect to the intent of the General Assembly in enacting them. Fisher v. Hasenjager, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20. And as we explained in Symmes Twp. Bd. of Trustees v. Smyth (2000), 87 Ohio St.3d 549, 553, 721 N.E.2d 1057, “[wjhen the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation.”
{¶ 14} R.C. 2744.02(B)(3) is unambiguous, and we need only apply it here. The plain meaning of the word “repair” is “to put back in good condition after damage [or] decay.” Webster’s New World College Dictionary (4th Ed.2000) 1214. Thus, in order for a claimant to establish that a political subdivision has failed to keep a public road in repair, there must be evidence presented regarding the condition of the roadway prior to its alleged damage or deterioration in order to show that the duty to maintain a public road has been violated.
*178 {¶ 15} It is recognized that a political subdivision is immune from suit for the design and construction of a roadway, see Haynes v. Franklin, 95 Ohio St.3d 344, 2002-Ohio-2334, 767 N.E.2d 1146, ¶ 18 (construing analogous predecessor statute), but not for failure to maintain a roadway in good repair. R.C. 2744.02(B)(3).
{¶ 16} Here, Sanderbeck presented expert testimony regarding the skid resistance of the road at the time of the accident, but he presented no evidence establishing its skid resistance at the time of design and construction. In my view, testing regarding the skid resistance of the road at the time of the accident fails to establish a genuine issue of material fact regarding his claim that Medina County is liable for negligent failure to keep public roads in repair.
{¶ 17} The General Assembly, as the final arbiter of public policy in Ohio, has intended “to limit political-subdivision liability for roadway injuries and deaths,” Howard v. Miami Twp. Fire Div., 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311, ¶ 29, with a purpose to preserve “ ‘the fiscal integrity of political subdivisions.’ ” Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶23, quoting Wilson v. Stark Cty. Dept. of Human Servs. (1994), 70 Ohio St.3d 450, 453, 639 N.E.2d 105; see also Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs., 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 34. The court of appeals’ decision in this case frustrates that policy and imposes on political subdivisions the duty to defend in numerous cases raising claims similar to those presented here, exposing them to potential liability for all accidents occurring on roads within their territorial limits. I would prefer to decide the issues here, review the evidence to determine whether the county breached its duty to keep the roadway in repair, and further consider the immunity granted to political subdivisions and the application of R.C. Chapter 2744 to the facts of this case, given the other attendant factors that could have contributed to this accident.
{¶ 18} Because the majority dismisses this appeal as having been improvidently accepted without reaching its merits, I respectfully dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.