[Cite as *Sheffey v. Flowers*, 2013-Ohio-1349.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98860

# NORMA SHEFFEY, ET AL.

### PLAINTIFFS-APPELLEES

### vs.

# ERIC FLOWERS, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-758584

**BEFORE:** Jones, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 4, 2013

**ATTORNEYS FOR APPELLANT**

James A. Climer
John T. McLandrich
Frank H. Scialdone
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Solon, Ohio 44139


**ATTORNEYS FOR APPELLEES**

Daniel J. Ryan
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Eric Flowers, appeals the trial court's judgment denying his renewed motion for summary judgment based on immunity. We reverse and remand.

I.

**{¶2}** In June 2011, plaintiffs-appellees Norma and Charles Sheffey filed this action against Flowers and the city of Strongsville. The Sheffeys alleged in their complaint that, at the relevant time, Flowers was an employee of the city of Strongsville, working within the scope of his employment, and operating a vehicle owned by the city. The Sheffeys further alleged that Flowers "negligently" caused a motor vehicle accident with a car being driven by Norma and as a result she suffered injuries. The complaint sought recovery upon four claims: (1) negligent operation of a motor vehicle against Flowers (2) respondeat superior against the city; (3) negligent entrustment against the city; and (4) Charles's loss of consortium.

**{¶3}** In January 2012, Flowers filed a motion for summary judgment. In June 2012, Flowers renewed his motion for summary judgment. The Sheffeys did not respond to either the original or renewed motions for summary judgment. In an August 12, 2012 judgment entry, the trial court denied Flowers's renewed summary judgment motion, finding the following:

> Under R.C. 2744.02 political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. Defendant states in his renewed motion for summary judgment that during the incident in question, defendant was "operating a city snow plow" "while in the course and scope of his

employment." As such defendants are not immune under R.C. Chapter 2744.

{¶4} Flowers's sole assignment of error reads as follows: "The lower court erred by denying the appellant/defendant Eric Flowers's renewed motion for summary judgment because he is immune under R.C. Chapter 2744."

II.

{¶5} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175, 722 N.E.2d 108 (8th Dist. 1999). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 686-687, 1995-Ohio-286, 653 N.E.2d 1196. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶6} The party moving for summary judgment has the initial burden of producing some evidence that demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; she may not rest on the mere allegations or denials of her pleadings. *Id.*; Civ.R. 56(E).

{¶7} R.C. Chapter 2744 governs political subdivision tort liability and provides a

three-tiered analysis for determining liability. *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 14. The first tier, under R.C. 2744.02(A)(1), sets forth the general rule providing immunity to political subdivisions for governmental and proprietary functions. The section provides:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision in connection with a governmental or proprietary function.

{¶8} The second tier provides the exceptions to the general grant of immunity. The exceptions are listed under R.C. 2744.02(B)(1), which provides as follows:

> (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

{¶9} The third tier of the analysis provides three defenses to the immunity exception under R.C. 2744.02(B)(1). The defenses relate to the operation of a motor vehicle, while responding to an emergency, by a member of a municipal corporation's police or fire department, or an employee of an emergency medical service owned or

operated by a political subdivision.

{¶10} The trial court relied on R.C. 2744.02(B)(1) in denying Flowers's summary judgment motion, stating that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority."

{¶11} Although the trial court is correct with its above-quoted statement, the statement relates to "political subdivisions"; our focus here, however, is on Flowers, a governmental employee.  Thus, we need to consider R.C. 2744.03, which relates to a governmental employee's individual liability.   Specifically, R.C. 2744.03(A)(6) provides in relevant part as follows:

[T]he employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.   Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

{¶12} Subsection (a) is not applicable; the Sheffeys alleged, and Flowers admitted in both his answer and motion for summary judgment, that Flowers was acting within the

scope of his employment with the city at the time of the accident. The Sheffeys contend that their complaint alleged that Flowers was reckless and, therefore, created a genuine issue of material fact under subsection (b). We disagree.

{¶13} The Ohio Supreme Court has explained that a person's conduct

> is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. Distilled to its essence, * * * recklessness is a perverse disregard of a known risk. Recklessness, therefore, necessarily requires something more than mere negligence. In fact, the actor must be conscious that his conduct will in all probability result in injury.

(Citations and quotations omitted.) *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 73-74.

{¶14} "Showing recklessness is subject to a high standard." *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 37. Thus, although the determination of recklessness is typically within the province of the jury, summary judgment is appropriate in instances where the individual's conduct does not demonstrate a disposition to perversity. *O'Toole* at ¶ 75.

{¶15} The Sheffeys sought recovery based on four claims. Although the 45-paragraph complaint alleged three times that Flowers acted "recklessly" or with "wanton disregard,"[1] the complaint generally reads as a claim of negligence. More

---

[1]*See* ¶ 22, 23, and 38.

importantly, though, the Sheffeys could not rest on the mere allegations contained in their complaint, but rather, were required to demonstrate through specific facts that a genuine triable issue existed on their claim that Flowers was reckless; they did not.

**{¶16}** In light of the above, the trial court erred by denying Flowers's summary judgment motion.

**{¶17}** Judgment reversed; case remanded.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR