[Cite as *Cutlip v. Akron*, 2020-Ohio-20.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ANGELA CUTLIP, et al.

    Appellees

    v.

CITY OF AKRON

    Appellant

C.A. No.    29319

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-10-4233

DECISION AND JOURNAL ENTRY

Dated: January 8, 2020

TEODOSIO, Presiding Judge.

{¶1} The City of Akron appeals the order of the Summit County Court of Common Pleas denying the City of Akron's motion for summary judgment. We affirm.

I.

{¶2} In October 2017, Angela and William Cutlip filed a complaint against the City of Akron and multiple John Doe defendants alleging negligence after a bathroom stall door fell on Ms. Cutlip's foot at Firestone Stadium, a public stadium in Akron, Ohio. The City of Akron moved for summary judgment on the basis of political subdivision immunity pursuant to R.C. 2744.02(A), which was denied by the trial court on January 25, 2019. The City of Akron now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO THE CITY OF AKRON BASED UPON THE DOCTRINE OF POLITICAL SUBDIVISON IMMUNITY.

{¶3}     In its assignment of error, the City of Akron argues the trial court erred in denying its motion for summary judgment as to the doctrine of political subdivision immunity.  We disagree.

{¶4}     "The denial of a motion for summary judgment is not ordinarily a final, appealable order." *Buck v. Reminderville*, 9th Dist. Summit No. 27002, 2014-Ohio-1389, ¶ 5. However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."  There is no dispute the City of Akron is a political subdivision of the state of Ohio.  Because the denial of the motion denied the City the benefit of the political subdivision immunity, it is a final order.  *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 2.  Our review, however, is limited to the alleged errors in the portion of the trial court's decision which denied the political subdivision the benefit of immunity; this Court lacks jurisdiction to address any other interlocutory rulings the trial court made. *Owens v. Haynes*, 9th Dist. Summit No. 27027, 2014-Ohio-1503, ¶ 8, quoting *Makowski v. Kohler*, 9th Dist. Summit No. 25219, 2011-Ohio-2382, ¶ 7-8.

{¶5}     Appellate review of an award of summary judgment is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of

the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps– Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶7} Ohio's Political Subdivision Tort Liability Act, which governs political subdivision liability and immunity, is codified in R.C. 2744.01 et seq. *McNamara v. City of Rittman*, 125 Ohio App.3d 33, 43 (9th Dist.1998). "In order to determine whether a political subdivision is immune from liability, we engage in a three-tiered analysis." *Moss v. Lorain Cty.*

*Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). First, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). Second, "this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser v. Medina*, 148 Ohio App.3d 41, 46 (9th Dist.2002). Third, "immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies." *Moss* at ¶ 10.

{¶8} In denying the City of Akron's motion for summary judgment, the trial court found that an exception to immunity applied to the City under R.C. 2744.02(B)(2). The City of Akron argues that this exception to immunity does not apply.

{¶9} R.C. 2744.02(B)(2) provides:

Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

{¶10} R.C. 2744.01(G) describes the meaning of "proprietary function," providing:

(1) "Proprietary function" means a function of a political subdivision that is specified in division (G)(2) of this section or that satisfies both of the following:

(a) The function is not one described in division (C)(1)(a) or (b) of this section [defining "government function"] and is not one specified in division (C)(2) of this section [listing "government functions"];

(b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons.

(2) A "proprietary function" includes, but is not limited to, the following:

(a) The operation of a hospital by one or more political subdivisions;

(b) The design, construction, reconstruction, renovation, repair, maintenance, and operation of a public cemetery other than a township cemetery;

(c) The establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system;

(d) The maintenance, destruction, operation, and upkeep of a sewer system;

(e) The operation and control of a public stadium, auditorium, civic or social center, exhibition hall, arts and crafts center, band or orchestra, or off-street parking facility.

{¶11} The trial court found that the matter at hand involved "[t]he operation and control of a public stadium" under R.C. 2744.01(G)(2)(e). The City of Akron contends that the issue involves the "maintenance" of the stadium, and that because the Ohio Legislature did not include "maintenance" in R.C. 2744.01(G)(2)(e) as it did in other sections, it deliberately excluded it. We do not agree that this operates as expressio unius est exclusio alterius. "Under the general rule of statutory construction *expressio unius est exclusio alterius*, the expression of one or more items of a class implies that those not identified are to be excluded." (Emphasis sic.) *State v. Droste*, 83 Ohio St.3d 36, 39 (1998). "This maxim properly applies only when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment." *Ford v. United States*, 273 U.S. 593, 611 (1927). We do not find here such a contrast between the inclusion of operation and control and the exclusion of maintenance, thus the inference based on the maxim

cannot be drawn here. The "operation and control" of a public stadium is reasonably construed to include functions that render the stadium usable, which would include the maintenance of the facility.

{¶12} The City of Akron further argues that the maintenance of a public stadium falls under R.C. 2744.01(C)(2)(e), to which immunity would attach, and which provides: "A 'governmental function' includes * * * [t]he regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds * * *." The City of Akron would have us construe a public stadium as falling within the category of a "public ground." We decline to do so.

{¶13} The Supreme Court of Ohio has stated: "The subject matter of the statute—'public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts'—relates specifically to traditional areas used only for the purpose and means of travel. The term, 'public grounds,' contemplates areas to which the public may resort and within which it may walk, drive or ride, etc." *Std. Fire Ins. Co. v. Fremont*, 164 Ohio St. 344, 347 (1955), quoting R.C. 723.01. The City of Akron has failed to offer any substantive argument or point to evidence in the record to support the notion that a public stadium falls within category of "public grounds." We therefore cannot conclude that a public stadium falls within the meaning of "public grounds" as contemplated by R.C. 2744.01(C)(2)(e).

{¶14} In addition to its immunity argument, the City of Akron argues that it owed no duty to Ms. Cutlip under the public duty doctrine. "Once it is determined that the City may be liable for injuries under R.C. 2744.02(B), the City may assert the public duty rule as a defense." *Shepard v. City of Akron*, 9th Dist. Summit No. 26266, 2012-Ohio-4695, ¶ 31, citing *Rankin v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 118 Ohio St.3d 392, 2008–Ohio–2567, ¶

31. "The public duty rule does not create an independent cause of action; it is a way to negate the duty element." *Id.* "The public duty rule provides a defense independent of sovereign immunity." *Id.*, quoting *Swart v. Ohio Dept. of Rehab. & Corr.*, 133 Ohio App.3d 420, 423 (10th Dist.1999), citing *Hurst v. Ohio Dept. of Rehab. & Corr.*, 72 Ohio St.3d 325, 329 (1995), *overruled on other grounds*, *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002–Ohio–4210. *See also Elias v. City of Akron*, 9th Dist. Summit No. 29107, 2019-Ohio-4657, ¶ 15.

{¶15} This appeal is limited to the trial court's denial of immunity. Because the public duty rule is independent of immunity, the issue is outside the scope of this appeal. *See Shepard* at ¶ 32.

{¶16} The City of Akron's assignment of error is overruled.

III.

{¶17} The City of Akron's assignment of error is overruled. The order of the Summit County Court of Common Pleas denying the City of Akron's motion for summary judgment as to the issue of political subdivision immunity is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, and JOHN CHRISTOPHER REECE and MICHAEL J. DEFIBAUGH, Assistant Directors of Law, for Appellant.

MICHELLE L. TRASKA and PETER D. TRASKA, Attorneys at Law, for Appellees.

JEREMY M. BURNSIDE, Attorney at Law, for Appellees.